**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**


Civil Action No. 15-cv-02437-RM-KMT

WALTER D. CARNETT, JR.,

      Plaintiff,

v.

KARL G. WATTS d/b/a COLORADO OFFICE PRODUCTS & IDEAS,
MARLA HANNA,
CHARLEY HANNA,
INTERNAL REVENUE SERVICE, and
UNKNOWN PERSONS,

      Defendants.

---

## ORDER

---

    This matter is before the Court on the Stipulation (ECF No. 38) filed by Plaintiff and the

United States of America, on behalf of its agency, Defendant Internal Revenue Service (the

"Stipulating Parties"), seeking dismissal of the IRS as a party defendant and a remand of this

action to the District Court, County of Mesa, State of Colorado (the "State Court") from where it

was initially removed.  Upon consideration of the Stipulation, the Court file, and the applicable

statutes, rules and case law, and being otherwise fully advised, the Stipulation is granted, the IRS

is dismissed from this action, and this case is remanded to the State Court.

## I.      PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed this action in the State Court seeking to quiet title to real property (the "Property") located in Mesa County, Colorado.  Plaintiff alleged the IRS filed Notices of Federal Tax Liens against the Property; therefore, the IRS may claim an interest in the Property.  By Notice of Removal filed November 4, 2015, the United States removed this action pursuant to 28 U.S.C. §§ 1442(a)(1), 1444 and 2410.  There are no allegations showing there is any other basis for this Court's subject matter jurisdiction, and the Stipulating Parties state there are none.

The United States, on behalf of the IRS, has now filed a Disclaimer of Interest, disclaiming any present interest in the Property.[1]  The Stipulating Parties stipulate to the dismissal of the IRS from this action and, upon such dismissal, Plaintiff seeks a remand of this action to the State Court.  The IRS has entered an appearance in this case but has not filed any responsive pleading.  The remaining defendants in this matter have not filed any responsive pleading or otherwise entered an appearance in this matter.

## II.     STIPULATION OF DISMISSAL

The Stipulating Parties request dismissal, but cite to no rule on which the dismissal is based.  There is uncertainty in the Tenth Circuit whether Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.") or 41 (providing for the dismissal of an *action*) applies to the dismissal of a party from an action involving more than one defendant.  *See Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 692–97 (D. Utah 2015); *see also Gobbo Farms & Orchards v. Pool Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996) (Rule 41 "speaks of dismissal of an action, not just a claim within an action.  [Plaintiff] offers no

---

[1] The Disclaimer also states the United States retains any claims it may have against the parties to this action.  In this action, however, the United States has filed no claims against any party.

authority, and we have found none, to support its contention that Rule 41(a) applies to dismissal of less than all claims in an action.").  Moreover, pursuant to Rule 15, dismissal of a party may be had by an amendment of the complaint.  Regardless, the Court agrees that, in most instances (such as the Stipulation at issue), it is immaterial whether the dismissal is effectuated under Rule 21 or 41.  *See* 9 Charles Alan Wright et al., *Federal Practice and Procedure* § 2362 (3d ed. 2008).  Accordingly, the Court finds the Stipulation is effective to dismiss the IRS from this action.

## III.    REMAND

Upon the dismissal of the IRS from this action, Plaintiff's claim is apparently directed solely against Colorado defendants.  *See* Complaint (ECF No. 3); Affidavits of Service (ECF Nos. 13-16).  Upon the dismissal of the only basis for a federal court's subject matter jurisdiction, the court has discretion on whether to retain the action or remand the action to the state court.  *See Barlow v. C.R. England, Inc.*, 703 F.3d 497, 511 (10th Cir. 2012) ("As all of [plaintiff's] federal claims have been dismissed, we leave it to the district court to decide in the first instance whether it will continue to exercise supplemental jurisdiction over the state-law claim.")  Under the facts and circumstances of this case, *e.g.*, the stage of this litigation, the dismissal of the removing party, and the claim at issue (quiet title of Colorado real property), the Court finds remand is appropriate.

## IV.    CONCLUSION

Based on the foregoing, the Court **FINDS** and **ORDERS**

(1) That pursuant to the Stipulation (ECF No. 38) Defendant Internal Revenue Service is **DISMISSED** from this action, with Plaintiff and Defendant Internal Revenue Service to pay their own attorney fees and costs; and

(2) That this matter is **REMANDED** to the District Court, Mesa County, State of Colorado, where it was originally filed as Case No. 2015-cv-030622.

DATED this 23rd day of February, 2016.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge